JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the domestic relations court to increase the amount of child support due from plaintiff-appellant, M. Neal Rains. Appellant raises three assignments of error, as follows:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONFIRMING THE MAGISTRATE'S DECISION WHICH CONTAINED A CHILD SUPPORT OBLIGATION WHICH WAS NOT ACCURATELY CALCULATED ACCORDING TO O.R.C. § 3113.215 AND AS REITERATED IN THE INSTRUCTIONS ON THE CHILD SUPPORT GUIDELINE WORKSHEET.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO FOLLOW THE REQUIREMENTS OF THE TRIAL COURT'S LOCAL RULE 19.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO DEVIATE FROM THE CHILD SUPPORT GUIDELINE AMOUNT, WHEN THE PARTIES HAD AGREED IN THE ORIGINAL ORDER OF CHILD SUPPORT TO DEVIATE DUE TO THE APPELLANT'S SPOUSAL SUPPORT OBLIGATION AND THAT SPOUSAL SUPPORT OBLIGATION STILL EXISTED AT THE TIME OF THE COURT'S ORDER.
For the following reasons, we find that the worksheet prepared by the trial court shows that the court deducted an erroneous amount for self-employment taxes. Therefore, we must vacate and remand for recalculation of the amount of support due. However, we find no other error in the trial court's ruling and affirm its decision in all other respects.
 PROCEDURAL HISTORY
The parties were divorced pursuant to a judgment entered on February 22, 1995 which incorporated a separation agreement and a shared parenting plan with respect to their two minor children. The judgment entry provided, in pertinent part:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff [appellant] pay to defendant [appellee] as and for support for said children the sum of One Thousand Dollars ($1,000) per month per child plus 2% poundage, through the Cuyahoga County Support Enforcement Agency commencing March 1, 1995 and continuing until each child shall reached [sic] the age of eighteen years and graduate from high school or become otherwise emancipated. The parties agree that this amount may not be modified upwards for a period of four years.
This amount represented an agreed-upon deviation from the amount of child support which would have been required by the child support guidelines because of appellant's other court-ordered obligations.
On May 13, 1999, the Cuyahoga Support Enforcement Agency ("CSEA") issued an administrative finding that appellant should pay increased child support of $2073.42 per child per month beginning May 1, 1999. Appellant requested a hearing on this recommendation, which was held before a magistrate on July 13, 2000. Appellant appeared at the hearing but appellee did not; the magistrate found appellee had been duly notified.
The magistrate issued her decision on August 3, 2000. First, because appellant's income varied from year to year, she recommended that the court average his income for purposes of calculating his support obligations. The magistrate determined that appellant's average income over the previous three years was $375,172, including partnership income, farm income, dividends, capital gains, taxable and non-taxable interest, and tax refunds and credits, and subtracting supplemental business expenses and self-employment taxes. She concluded that there was a change in circumstances because the recalculated amount of support owed was more than ten percent greater than the support previously ordered. She also concluded that the reasons for deviation in the prior order no longer existed, and that there was no compelling reason to deviate now.
Both appellant and appellee objected to the magistrate's decision. The court overruled these objections and adopted the magistrate's decision.
 LAW AND ANALYSIS
In his first assignment of error, appellant argues the court calculated his support obligations erroneously. Appellant complains that the court should not have averaged his income over the last three years in making its calculations under the child support guidelines, but should have used his income during the last year, which was a lesser amount. He bases this argument on R.C. 3113.215 and the guideline worksheet, claiming that they required the court to use the lesser of these two figures in making its calculations.
This argument appears to be based upon a faulty reading of R.C. 3113.215
and a misunderstanding of the basis for the court's calculations. The worksheet which the trial court is statutorily required to use to calculate child support provides that the court must consider overtime and bonuses as part of gross income; the court must include the lesser of the party's overtime and bonus income for the past year or the average of that income for the previous three years. R.C. 3113.215(E)(1)(b). Appellant claims the court misapplied this provision when it included an average in his gross income. However, the court here was not averaging overtime and bonuses.[1] Although it used the spaces for overtime and bonuses on the guideline form, the court was actually averaging appellant's income, which it found to vary. R.C. 3113.215(B)(5)(h) specifically allows the court to calculate gross income based upon an average income over a reasonable period of years, when appropriate. The variances in appellant's income justifies the court's use of an average here. Therefore, we reject this portion of the first assignment of error.
Appellant also complains that the court made an erroneous deduction for self-employment taxes paid. He urges that the court should have deducted 5.6% of his gross income for this purpose. We agree that the court miscalculated the deduction for self-employment taxes paid.
The worksheet forms used by the magistrate and the court indicate that there should be a deduction equal to "5.6% of gross income or the actual marginal difference between the actual rate paid by the self-employed individual and the F.I.C.A. rate." On the evidence in the record, we are unable to calculate the "actual marginal difference between the actual rate paid * * * and the F.I.C.A. rate." The $8,883 deducted by the court does not represent 5.6% of appellant's annual gross income, which is listed as $399,386 on the court's worksheet. Thus, the calculation is in error under the terms of the form used by the court.
More important, however, R.C. 3113.215 provides that, for self-employed individuals, the court should "deduct 5.6% of adjusted gross income * * *." Obviously, this statutory provision takes precedence over the form used by the court below. We leave it to the trial court in the first instance to determine appellant's adjusted gross income for this purpose and calculate 5.6% of it. Accordingly, we sustain the first assignment of error in part, vacate the trial court's decision, and remand for a recalculation of the amount of support due.
The second assignment of error contends that the court erred by proceeding with the hearing to modify his support obligations without requiring appellee to comply with Local Rule 19 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Among other things, Local Rule 19 requires each party to complete and submit an income and expense statement and a child support computation worksheet "[p]rior to the time of hearing on any motion to modify child support."
We find that a court hearing to review an administrative recommendation for an increase in child support is not equivalent to a "hearing on any motion to modify child support," so the local rule did not apply here. First, a motion to modify support is, on its face, a different procedure than a review of an administrative decision to modify child support. Furthermore, R.C. 3113.21(C)(1)(c)(ii) provides a list of information the court can require from the parties in preparation for a hearing to review an administrative recommendation for a revision of child support; this list differs from the information required by the Local Rule. Finally, even if the local rule applied, a party's failure to comply would not preclude the court from reviewing the administrative recommendation, as appellant assumes. Rather, R.C. 3113.21(C)(1)(c)(ii) allows the court to make "any reasonable assumptions necessary with respect to the information * * * to ensure a fair and equitable review of the child support order." Therefore, we overrule the second assignment of error.
The third assignment of error asserts that the court abused its discretion by failing to deviate from the guidelines because of appellant's spousal support obligations. Appellant claims these obligations were the reason for the parties' agreement to deviate in the original support order, and that they still applied.
The original support order deviated from the guidelines based upon appellant's "court-ordered obligations, including spousal support." This statement indicates that spousal support was only one of the factors justifying the deviation. The magistrate considered these factors when she reviewed the CSEA's proposed modification here, and found they no longer required a deviation. Specifically, the magistrate's decision provides:
 The magistrate finds and concludes that after consideration of the reasons for the prior deviation of child support and the totality of the obligations imposed upon the [appellant], and subsequent termination thereof, there is no compelling reason to continue to deviate. [Appellant's] additional property division obligation terminated nearly 1 1/2 years prior to the effective date of the modification herein. The Magistrate further finds that based on the net disposable income afforded the [appellant], the tax deductible nature of spousal support paid to [appellee] from May 1, 1999 to March 1, 2000 [when the obligation to pay spousal support expired], and [appellant's] reasonable monthly expenses, [appellant] is able to pay guideline support; that said amount is presumed to be legally correct; and that payment of same serves the best interests of the minor children.
The trial court adopted this finding when it accepted and adopted the magistrate's decision.
Clearly, the court did consider appellant's spousal support obligations and determined that they did not justify a deviation in the amount of child support due. Appellant has not shown that this decision was unreasonable, arbitrary, or unconscionable. We therefore reject appellant's argument that the court abused its discretion by failing to deviate.
For the foregoing reasons, we affirm in part, vacate in part and remand for a recalculation of the amount of child support due.
This case is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant share equally in the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] Indeed, appellant was not paid overtime and/or bonuses.